JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5081
   E-Mail: joseph.fazioli@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-00610 JF |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| BERNADETTE ESCUE, | SENTENCING DATE: May 8, 2008 |
| Defendant. | |

     The United States of America hereby submits its sentencing memorandum in the above-captioned case. On October 17, 2007, the defendant pled guilty pursuant to a plea agreement to a one count information charging her with Mail Fraud in violation of 18 U.S.C. § 1343. The Guidelines calculations in the plea agreement differs from that in the Probation Department's Presentence Report (PSR). Nevertheless, both the plea agreement and PSR's guideline calculations eventually result in the same adjusted offense level for the defendant–level 13. When this offense level 13 is combined with the defendant's criminal history category of I, the defendant is subject to an sentencing range of 12-18 months in Zone D.

The Probation Department has recommended that the defendant receive a low end guidelines sentence of twelve months and a day imprisonment . The United States has no objection to the factual information contained in the defendant's PSR. Although the United States acknowledges that the PSR contains a different guidelines calculation than the plea agreement, the Government is bound by its specific promises in that agreement. The United States respectfully recommends that this Court impose a mid-range guidelines sentence of 15 months along with the other conditions enumerated by the Probation Department.

## DISCUSSION

**A.      The Defendant's Guidelines Calculation**

As discussed above, the plea agreement and the PSR's calculation of the defendant's sentencing guidelines arrive at the same adjusted offense level (13) via different routes. The parties agreed in the plea agreement to include a base offense level of seven (pursuant to U.S.S.G. § 2B1.1(a)(1)) for the defendant's fraud but did not include a two level enhancement for abuse of trust under U.S.S.G. § 3B1.3, thereby resulting in an adjusted offense level of 13. The PSR finds the defendant to be subject to an adjusted offense level 13 via a different calculation: (1) the defense is subject to a lower base offense level of six; but (2) should in fact receive a two level abuse of trust enhancement, which triggers (3) an additional, third point for acceptance under U.S.S.G. § 3E1.1(b)–thereby also resulted in an adjusted offense level. The Government acknowledges that the Probation Department has a duty to conduct an independent assessment of what guidelines calculation applies in this case. The Government nevertheless considers itself bound by its specific guidelines calculation it promised to recommend in the plea agreement, and stands by that guidelines calculation at sentencing.[1]

---

[1]      As of the time of the filing on this sentencing memorandum, undersigned Government counsel has not reviewed the sentencing memorandum filed by defense counsel earlier today. However, upon information and belief, the Government anticipates that defense counsel may advocate for a different guidelines calculation then the one the parties agreed to in the filed plea

### B. A Mid-Range Guidelines Sentence of 15 Months Imprisonment for the Defendant is Reasonable and Appropriate

Defendant's criminal conduct merits a mid-range, 15 month sentence of imprisonment. Specifically, defendant used a corporate credit card given to her for work-related charges to embezzle over $90,000 from her employer, Network Associates. PSR ¶15. Defendant spent the money she embezzled "for personal transactions including travel and equipment for the softball team, travel charges for the defendant's partner and son, and tuition charges on September 4, 2003, and October 31, 2003, for the Drew Preperatory School, a private school that the defendant's son attended." PSR ¶7. In other words, the defendant embezzled for luxuries (which would include a private school) as opposed to necessities. The Government concurs with the Probation Department's characterization of the defendant's criminal activities as "not seem[ing] to be the actions of someone desperate to support herself or her son, but the actions of greed and living beyond their means." PSR Sentencing Recommendation at 2. Of further concern to the Government is the fact that the defendant appears initially to have lied to the FBI regarding the scope of her criminal activities.[2] See PSR ¶ 10 ("On July 28, 2004, the defendant was interviewed by the FBI and admitted to charging personal airline tickets to Network. <u>She denied the other expenditures</u>." (Emphasis added). In light of the above, a 15 month sentence of imprisonment is reasonable and appropriate.

A 15 months sentence for the defendant would comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), as required by 18 U.S.C. § 3553(a). First, a sentence of 15

---

agreement. Specifically, the Government anticipates that defense counsel will argue that his should be subject to a starting point of an adjusted offense level of 12. When combined with a criminal history category of I, this anticipated alternative defense guidelines calculation would result in a advisory guidelines range for the defendant of 10-16 months in Zone C. The Government wishes to highlight for the Court that the both the Government and the Probation Department's sentencing recommendations (15 months and 12 months and a day imprisonment, respectively), fall within <u>all</u> of the three anticipated guidelines calculations in this case–the plea agreement calculation, the PSR calculation, <u>and</u> the anticipated alternative defense guidelines calculation resulting in a level 12.

[2] Notwithstanding the defendant's apparent false statements to the FBI in 2004, the Government recognizes that the defendant has subsequently (especially in the pre-plea period) been quite cooperative with law enforcement in the investigation and ultimate resolution of this case.

3

months imprisonment would reflect the seriousness of the defendant's offense, Wire Fraud, promote respect for the law, and provide just punishment for this offense. See 18 U.S.C. § 3553(a)(2)(A). The defendant stole over $90,000 from her employer. The defendant's criminal activities were not an one-time mistake, but rather a pattern of criminal conduct which began "shortly after she began her employment [at Network Associates in 2000] and continued until October 2003 when she was confronted." PSR Sentencing Recommendation at 2. A substantial custodial sentence - 15 months - is an appropriate sanction in this case for the defendant given: (1) the seriousness of her offenses; (2) the substantial amount that she stole; and (3) the lengthy period of time which she engaged in embezzlement; and (4) her initial false statement to the FBI.

Second, a sentence of 15 months imprisonment would afford adequate deterrence of further criminal conduct–both for the defendant and the public, as 18 U.S.C. § 3553(a)(2)(B) requires. The need for public deterrence should be an especially important consideration in this case. Defendant stole over $90,000 from her employer over several years, then spent the money on a various personal items. In these worsening economic times, there will be increasing temptations for individuals to engage in similar fraudulent schemes. By imposing a significant custodial sentence, this Court will demonstrate both to this defendant and the public that fraud and embezzlement: (1) is not an appropriate means by which to augment one's income, and (2) will result is one having to spent time in prison.

Furthermore, a sentence of 15 months imprisonment would protect the public from further criminal conduct by the defendant. See 18 U.S.C. § 3553(a)(2)(C).

Given the aforementioned factors, a 15 month term of imprisonment is a reasonable and appropriate sanction for the defendant's conduct. The Government agrees with the Probation Department's others recommendations, including that defendant be allowed to self-surrender, be subject to a no alcohol condition and a drug/alcohol testing provision, and receive mental health counseling.

**CONCLUSION**

1 | For the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to 15 months imprisonment in addition to the other terms and conditions enumerated by the Probation Department.

DATED: May 1, 2008                    Respectfully submitted,

                                       JOSEPH P. RUSSONIELLO
                                       United States Attorney


                                              /s/
                                       JOSEPH A. FAZIOLI
                                       Assistant U.S. Attorney