Mark R. Vermeulen [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Defendant
BERNADETTE ESCUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BERNADETTE ESCUE,<br><br>　　　　Defendant. | No. CR 07-00610 JF<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM**<br><br>Date: May 8, 2008<br>Time: 1:30 p.m. |

## INTRODUCTION

By this memorandum, counsel for Ms. Escue will respond briefly to the *United States' Sentencing Memorandum* (Doc. 30; hereinafter "*Govt's Memorandum*"). Further response will be provided at the sentencing hearing.

## DISCUSSION

Initially, the Government proposes equating the guidelines calculations under various scenarios. *See Govt's Memorandum* at 2:10-25. This puts the cart before the horse, for in taking this approach the Government focuses on numbers, rather than on the principles from which the correct numbers are to be derived, and thereby sacrifices principle for a particular desired numerical conclusion. This methodology might be understandable if the plea had been entered under Rule 11(c)(1)(C), but it was not. The principles that form the basis of the plea agreement (i.e., the agreed upon loss amount and the agreement that no "abuse of trust" increase applies), combined with the *ex post facto* principle enshrined in the Constitution, rightly govern. The Government's position otherwise – and its position that it doesn't matter – distort and avoid the proper analysis.

-1-
DEFENDANT'S REPLY TO GOVT'S SENTENCING MEMO.

The Government's further discussion and position (*see Govt's Memorandum* at 3:1-4:27) is marked by a focus on the guidelines calculations that is no longer current, having been repudiated at length by the Supreme Court's and the Ninth Circuit's decisions in the wake of *Booker*. The Government's orientation with its emphasis on the guidelines range essentially presumes that the guidelines range is reasonable, which the Courts have rejected expressly and emphatically. *Gall*, 128 S.Ct. at 596-97 ("[The District Court] may not presume that the Guidelines range is reasonable."), citing *Rita*, 551 U.S. at ---, 127 S.Ct. 2456; *Carty*, 2008 WL 763770 at *4 ("The district court may not presume that the Guidelines range is reasonable."), citing *Rita,* 127 S.Ct. at 2465; *Booker,* 543 U.S. at 259-60, 125 S.Ct. 738; *Gall,* 128 S.Ct. at 596-97.

Perhaps most glaringly absent from the Government's discussion is its failure to mention or consider the overarching directive of 18 U.S.C. § 3553(a), by which the Court "shall impose a sentence sufficient, but not greater than necessary," to comply with purposes of sentencing. *Kimbrough*, 128 S.Ct. at 570 ("The statute ... contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing ...."); *Carty*, 2008 WL 763770 at *3 ("The overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' ...."). The Government's discussion also fails to acknowledge several key statutory principles relevant to sentencing, which the cases have clarified as essential and important in imposing a sufficient, appropriate sentence. *See Defendant's Sentencing Memorandum* (Doc. 29) at 3:11-5:16 (citing and discussing statutory and case law which holds that extraordinary circumstances aren't required to justify a sentence outside the guidelines range, that probationary sentences constitute substantial restrictions on a defendant's liberty and may well be sufficient, and that imprisonment is not an appropriate means of promoting correction and rehabilitation).

The Government's discussion also ignores a number of the § 3553(a) factors, including the history and characteristics of the defendant (§ 3553(a)(1)), the kinds of sentences available (§ 3553(a)(3)), any pertinent policy statement issued by the Sentencing Commission (§ 3553(a)(5)), and – of particular relevance to this case – the need to provide restitution to any victims (§ 3553(a)(7)).

Having all the relevant factors and principles in mind, the Court should reject the Government's recommendation for prison as unnecessary and excessive.

///

///

///

-2-

DEFENDANT'S REPLY TO GOVT'S SENTENCING MEMO.

## CONCLUSION

Post-*Booker*, the District Court is called upon to tailor the individual sentence in each case in light of all the factors and concerns set forth in the sentencing statutes and the cases which interpret them. *Kimbrough*, 128 S.Ct. at 570, citing *Booker,* 543 U.S. at 245-46, 125 S.Ct. 738. Ms. Escue respectfully requests that the Court do so here, as detailed more extensively in the defense's earlier-filed memorandum (Doc. 29). A probationary sentence which imposes significant, well-considered conditions and which allows her to continue to work so that she may pay restitution truly will be sufficient and appropriate, and will do justice and serve society far better than a sentence that involves prison.

Dated: May 5, 2008                                                          Respectfully submitted,


/S/
Mark R. Vermeulen
Attorney for Defendant
BERNADETTE ESCUE