Mark R. Vermeulen  [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street  #4
San Francisco, CA  94110.2044
Telephone: 415.824.7533
Fax: 415.824.4833

Attorney for Defendant
BERNADETTE ESCUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR-07-00610 JF |
| Plaintiff, | ) |
| v. | ) **DEFENDANT ESCUE'S APPLICATION FOR THE ISSUANCE OF SUBPOENAS *DUCES TECUM*; DECLARATION OF COUNSEL IN SUPPORT** |
| BERNADETTE ESCUE, | ) |
| Defendant. | ) **[Fed.R.Crim.P. 17(c) and L.R. 17-2]** |

Defendant Bernadette Escue, through counsel, respectfully requests that pursuant to Fed.R.Crim.P. 17(c) and L.R. 17-2, the Court order that subpoenas *duces tecum* issue to Network Appliance, Inc. and Huron Consulting Group for the production of the following records in connection with their claims for restitution, and that the Court order that these records be produced within two weeks of the issuance of the subpoenas *duces tecum*:

<u>Records to be ordered produced:</u>

1. All documents and records that provide support for professional fee charges for the individuals listed below in connection with the request(s) for restitution in this case, including but not limited to timesheets prepared by the listed employees to verify hours billed in invoice number 103109 dated January 29, 2004 and invoice number 102637 dated December 17, 2003:

   a. Richard Pimentel
   b. James Leach
   c. Peter Blessing
   d. Catherine Suer
   e. Dylan Wells

-1-

2.   A detailed description of the tasks and work performed for the individuals listed above for each separate time entry.

3.   All engagement letters and all communications between Network Appliance, Inc. and Huron Consulting Group, including but not limited to details regarding the scope of work to be performed and the rates to be charged.

4.   All supporting documentation related to expenses incurred.

Ms. Escue further requests that any costs and expenses associated with the subpoenaed persons and materials be paid as if the records had been subpoenaed by the Government, and that all subpoenaed materials be produced simultaneously to the Court, to the Assistant U.S. Attorney Joseph Fazioli, to defense counsel Mark Vermeulen, and to U.S. Probation Officer Lori Timmons, pursuant to the Court's earlier order (Doc. 35).

The bases for the requested subpoenas *duces tecum* are set forth in the attached *Declaration of Counsel*.

A proposed order and proposed subpoenas *duces tecum* accompany this application.

Dated:  June 27, 2008                                      Respectfully submitted,


                                                            /S/
                                                            Mark R. Vermeulen
                                                            Attorney for Defendant
                                                            BERNADETTE ESCUE

**DECLARATION OF COUNSEL**

I, Mark R. Vermeulen, declare:

1. I am an attorney duly admitted to practice before this Court. I am appointed under the Criminal Justice Act to represent Defendant Bernadette Escue in this case.

2. Ms. Escue was sentenced on May 8, 2008 to one year and one day in prison, following the earlier entry of a guilty plea to a violation of 18 U.S.C. § 1343 (wire fraud). At the sentencing hearing, the Court expressly reserved the determination of restitution, based in part on the fact that insufficient documentation had been provided by the entities seeking restitution. The case had been the subject of negotiations among the parties and the entities seeking restitution since August 2004, and the entities seeking restitution all along had presented a claim for approximately $90,000-$95,000 in restitution, based on the losses attributable to Ms. Escue. However, in March 2008, Huron Consulting Group ("Huron"), which is one of these same entities, made an additional, new claim for $126,684. This claim for $126,684 is for the fees and expenses Huron claims to have billed for its work in conducting the investigation/audit for Network Appliance, the employer for whom Ms. Escue worked.

3. At the sentencing hearing, the Court deferred determining restitution, directed that supplemental information be obtained and that a supplemental presentence report be prepared addressing the restitution issue, so that the parties brief the issue following the issuance of the supplemental PSR. The Court set a further hearing for July 16, 2008.

4. In connection with the restitution proceedings, the Probation Office requested that Huron provide a full, detailed invoice documenting Huron's work, including services rendered, hours, costs, etc. To date, Huron has not provided these records. They have provided only two invoice letters that state simply the names of the persons from Huron who worked on the audit, the total hours each person worked, and the fees for each person. Huron also provided (in PDF form) a copy of a document entitled "Executive Summary," labeled "Draft," dated December 2003, which (as stated at the beginning of the document) "reflects the results of Huron's review of various Network Appliance records and materials relating to potentially improper charges incurred by ex-Network Appliance employee Bernadette Escue." These are the only documents and records submitted by Huron and Network in connection with their claims for restitution. None of the records named in the proposed subpoenas *duces tecum* has been produced.

5. The further sentencing hearing is imminent. The parties are in the process of stipulating to a new date, in light of the defense's need for documentation from Huron and Network. The parties agree that a continuance is appropriate; we simply haven't agreed upon a new date.

-3-

6. In light of the fact that the documentation from Huron and Network has not been forthcoming, these subpoenas are requested. I need to obtain the requested documents and records well in advance of the hearing so that I may review and assess them and, if necessary, obtain professional assistance in doing so. Given the delays occasioned by Huron and Network thus far, I request that the Court order that the subpoenaed records be produced within two weeks of the issuance of the subpoenas *duces tecum*.

7. I am familiar with the materials to be produced in connection with the accompanying subpoenas *duces tecum*. These requests have been drafted in consultation with a forensic accounting expert who is familiar with accounting practices and the types of records that are maintained routinely in undertaking an investigation/audit such as that claimed by Huron and Network here. They are the most basic of records relating to the claimed work. The production of these materials is necessary to a full and fair determination of restitution in this matter, and for adequate preparation of the defense.

8. I am appointed to represent Ms. Escue. She is unable to pay for costs and expenses in connection with the production of the materials listed in the accompanying subpoenas *duces tecum*.

9. In light of the above, I respectfully request that the Court order the following:

    a. Issuance of the accompanying subpoenas *duces tecum* to Network Appliance, Inc. and Huron Consulting Group for copies of the records specified therein, ordering that these records be produced within two weeks of the issuance of the subpoenas *duces tecum*;

    b. Any costs and expenses associated with production of the records be paid as if the records had been subpoenaed by the Government;

    c. All responsive materials be ordered produced simultaneously to the Court, Assistant U.S. Attorney Joseph Fazioli, defense counsel Mark Vermeulen, and U.S. Probation Officer Lori Timmons, as previously agreed by the parties and ordered by the Court. *See Stipulation and Order* (Doc. 35) at 2:21-24 ("IT IS HEREBY ORDERED that all documents and materials provided thus far by the entities requesting restitution shall be provided to the Government and the defense by the Probation Office, *and that all such documents and materials provided in the future by any entity requesting restitution shall be provided simultaneously to the Government, the defense and the Probation Office*.") (emphasis added).

10. A proposed order and proposed subpoenas *duces tecum* accompany this application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except as to those matters set forth on information and belief, and as to those matters, I believe them to be true. Executed on June 27, 2008 at San Francisco, CA.

/S/\
Mark R. Vermeulen

-4-

DEF. ESCUE'S APPLIC. FOR ISSUANCE OF S.D.T.'s;\
DECLARATION OF COUNSEL IN SUPPORT