Mark R. Vermeulen [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Defendant
BERNADETTE ESCUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00610 JF |
| Plaintiff, ) | |
| ) | **NOTICE OF DEFENDANT'S WAIVER RE:** |
| v. ) | **90-DAY RULE UNDER 18 U.S.C. § 3664(d)(5)** |
| ) | |
| BERNADETTE ESCUE, ) | |
| Defendant. ) | |

Defendant Bernadette Escue, through counsel, hereby submits the attached waiver. This is submitted as a result of defense counsel's discussions with AUSA Joe Fazioli in connection with the requested continuance of the sentencing hearing regarding restitution (see *Motion to Continue Sentencing Hearing Re: Restitution* (Doc. 41) and the corresponding request for records in connection with the hearing (see *Application for Issuance of Subpoenas Duces Tecum* (Doc. 39)).

Dated: June 29, 2008                                   Respectfully submitted,


/S/
Mark R. Vermeulen
Attorney for Defendant
BERNADETTE ESCUE

Mark R. Vermeulen [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street #4
San Francisco, CA 94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Defendant
BERNADETTE ESCUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. CR 07-00610 JF |
| Plaintiff, | ) |
| | ) **DEFENDANT'S WAIVER** |
| v. | ) |
| BERNADETTE ESCUE, | ) |
| Defendant. | ) |

I, Bernadette Escue, declare:

1. I have discussed the matter thoroughly with my attorney, and I request that the restitution hearing in this case be continued to September 3, 2008. In support of this request, I make the following acknowledgments and representations.

2. I was sentenced on May 8, 2008. On that date, the Court scheduled an evidentiary hearing on July 16, 2008 pursuant to 18 U.S.C. § 3664(d)(5) to address disputed issues regarding restitution. The date set by the court was within 90 days after sentencing permitted by § 3664(d)(5).

3. I understand that the Court, the Government, and the Probation Office are fully prepared for the evidentiary hearing to take place within the 90-day limit permitted by § 3664(d)(5).

4. I have further been advised that an argument could be made for the proposition that the 90-day limit set forth in 18 U.S.C. § 3664(d)(5) is "jurisdictional" – meaning, if this were so, that the Court would have no authority to enter a restitution order against me unless the order was entered within 90 days of the date of sentencing. I disagree with this view and after consulting with my attorney, agree that the 90-day limit is not jurisdictional for purposes of this case.

- 1 -

5. If my request to continue my restitution hearing past the 90th day is granted by the Court, however, I hereby knowingly and voluntarily waive any right to claim in the future, in any proceeding, including an appeal or collateral challenge, that the restitution ordered by the Court is void, illegal, without jurisdiction, or otherwise unenforceable based upon the order having been entered beyond the 90-day limit set forth in 18 U.S.C. § 3664(d)(5). I hereby expressly waive any challenge whatsoever to any restitution order entered against me in the above-entitled case based on the timeliness of such order.

6. I understand and agree that the purpose for the 90-day limit set forth in § 3664 is to protect victims from the dissipation of defendants' assets. Accordingly, I hereby agree that, should my request for a continuance be granted, I will not dissipate, dispose of, assign or encumber any assets that would otherwise be available to pay restitution, except those assets necessary to pay my ordinary and necessary living and medical expenses and attorney's fees.

7. I confirm that I have had adequate time to discuss this request for a continuance, and the waivers I am making herein, with my attorney, and that he has provided me with thorough legal advice in this regard.

8. I confirm that while I considered signing this waiver, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

Dated: June 28, 2008

_Bernadette Escue_
Bernadette Escue

I have fully explained to my client all the rights that a criminal defendant has regarding this waiver and all the terms of this waiver and the waivers contained herein. In my opinion, my client understands all the terms of this waiver and all the possible claims she is giving up by making it. Based on the information now known to me, I believe that my client's decision is knowing and voluntary and in her best interests.

Dated: June 28, 2008

_Mark R. Vermeulen_
Mark R. Vermeulen
Attorney for Defendant
BERNADETTE ESCUE