Mark R. Vermeulen [CSBN 115381]
Law Office of Mark R. Vermeulen
755 Florida Street  #4
San Francisco, CA  94110.2044
Phone: 415.824.7533
Fax: 415.824.4833

Attorney for Defendant
BERNADETTE ESCUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00610 JF |
| ) | |
| Plaintiff, ) | **DECLARATION OF DIXON GRIER, C.P.A.,** |
| v. ) | **RE: RESTITUTION CLAIM OF HURON** |
| ) | **CONSULTING GROUP** |
| BERNADETTE ESCUE, ) | |
| Defendant. ) | Date:  September 3, 2008 |
| ) | Time:  9:00 a.m. |

I, Dixon Grier, declare as follows:

1.     I reside in the County of Contra Costa, in the state of California.  I am a certified public accountant and a partner at Matson, Driscoll & Damico ("MDD").  The firm is a forensic Certified Public Accounting Limited Liability Partnership in the United States and also has offices in Canada, the United Kingdom and Singapore.  MDD focuses their practice in measuring economic damages and value as a result of a particular event.  I have been with the firm since October 1977 and have worked on thousands of measurements of economic losses since beginning my association with MDD.   Part of that work involved measuring employee fidelity losses, employee theft losses, and wrongful termination claims.  My curriculum vitae is included with this declaration as Exhibit A.  I have personal knowledge of the facts set forth below and could and would competently testify thereto if called as a witness.

2.     Counsel Mark R. Vermeulen retained Matson, Driscoll & Damico, including myself, to assist in determining the reasonableness of the billings of Huron Consulting Group with regard to the determination of losses suffered by Network Appliance, Inc. due to the acts of Ms. Bernadette Escue which resulted in the prosecution and conviction in this case.

-1-

DECLARATION OF DIXON GRIER, C.P.A.

3.  I have reviewed the following documents: The report (labeled "Draft") prepared by Huron Consulting Group regarding Network Appliance, Inc. and the investigation of Bernadette Escue; the FBI Prosecutive Report of Investigation Concerning Bernadette Escue and Network Appliance, Inc. (undated); billing and payment correspondence concerning Network Appliance, Inc., Huron Consulting Group and Chubb Group of Insurance Companies which was provided to counsel by Probation Officer Lori Timmons via letter dated May 27, 2008; Bates pages HCG-0001 through HCG-0080 (along with the cover letters from counsel D. Anthony West (counsel for Huron Consulting Group) that accompanied these documents, which letters are dated July 28, 2008 and August 12, 2008).

4.  It is standard practice for public accounting firms, law firms, and consulting firms to bill time by the hour, or an increment thereof. This was so in 2003/2004, the period during which Huron Consulting Group conducted its work in connection with this matter. In order to properly bill a client, there must be a record of who was working on the file, the time spent, and a description of the activities being billed.

5.  In 2003/2004, computerized billing programs designed specifically for consulting firms were commonly utilized to record and subsequently provide billings related to time worked on specific jobs. In addition to recording the name of the employee and the hours worked, the employee utilizes an "audit code" and/or a detailed description to identify the work that was performed.

6.  Based on the documentation provided, it appears a Windows-based program for tracking billable and non-billable time was utilized by Huron Consulting Group. The reports provided document the employee number, employee name, engagement number, date worked and number of hours worked. It would be reasonable to assume the program utilized by Huron Consulting Group also recorded the audit code and/or description of the work performed.

7.  It is standard practice in our firm and in the industry to retain these detailed billing records for a period of at least seven years, as they are an integral part of the file that is maintained on each job. As the report written by Huron Consulting Group was prepared within the last five years, it is reasonable to assume they have or should have billing detail regarding hours worked and a description of the work performed for each hour.

8.  I have performed in excess of 20 analyses of employee dishonesty / fidelity losses. The majority of these billings for my and my firm's work are in the range from $5,000 to $15,000. In most instances these billings relate to evaluations of employee dishonesty / fidelity for which we measured losses exceeding $100,000, and for which the time periods of employee dishonesty exceeded a year, and often were for 2 or 3 years.

9. From the information provided by Huron Consulting Group it is clear that Network Appliance did not utilize proper internal controls and that it did not have proper review by management in reconciling the travel costs to employees and credit cards. Additionally, from the information provided it is clear that this was an unsophisticated embezzlement scheme which would have been discovered sooner if proper controls had been in place, and the costs necessary to determine the loss would have been substantially less.

10. From the information provided by Huron Consulting Group it is not possible to determine reliably and conclusively the work and the reasonableness of the work undertaken by them to calculate the employee fidelity loss; however, based on my and Matson, Driscoll & Damico's experience in the industry and in evaluating such claims, the billings of $126,684 appear significantly excessive for this employee fidelity loss of $90,297.53.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 22, 2008 at Walnut Creek, California.

/S/  
Dixon Grier  
Matson, Driscoll & Damico

-3-  
DECLARATION OF DIXON GRIER, C.P.A.