JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Facsimile: (408) 535-5081
    E-Mail: joseph.fazioli@usdoj.gov

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00610 JF |
|     Plaintiff, ) | UNITED STATES' FILING REGARDING RESTITUTION |
|     v. ) | |
| BERNADETTE ESCUE, ) | HEARING DATE: September 3, 2008 |
|     Defendant. ) | |

    The United States of America hereby submits this filing regarding the appropriate amount of the defendant's restitution in this case. On October 17, 2007, the defendant pled guilty pursuant to a plea agreement to a one count information charging her with Mail Fraud in violation of 18 U.S.C. § 1343. In that plea agreement, the defendant stated that she "agree[d] to pay restitution for all the losses caused by all the schemes or offenses with which I was charged in this case, and I agree that the amount of restitution will not be limited to the loss attributable to the count to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3)." The plea agreement did not specify a particular restitution amount.

    On May 8, 2008, this Court sentenced the defendant to twelve months and a day

1  imprisonment. The Court also set a hearing regarding the appropriate amount of
2  restitution. At the request of the defense, this restitution hearing was continued until
3  September 2, 2008. The Probation Officer has prepared a supplement to her presence
4  investigation report in which she argues that the defendant be required to pay restitution
5  in the amount of $216,981.53. The Probation Officer divides this amount as follows:
6  "[t]he combined total of the loss as a result of defendant's actions ($90,297.53), and
7  investigative costs to investigate such actions ($126,684.00) is $216,981.53." PSR
8  Supplemental Report at ¶9. For the reasons detailed below, the government recommends
9  that the Court adopt the reasoning of the probation officer, and order that the defendant be
10 ordered to pay restitution in the amount of $216,981.53.

## DISCUSSION

A.  **Legal Standard Regarding Restitution**

This case presents similar involves to those present in *United States v. Gordon*, 393 F.3d 1044 (9th Cir. 2003). Defendant Escue's restitution is to be determined pursuant to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A, 3664 (1996). The MVRA makes restitution mandatory for particular crimes, including those offenses which involve fraud or deceit. See 18 U.S.C. § 3663A(c)(1)(A)(ii); *see also Gordon* at 1047. Under the MVRA, a court must order restitution to each victim of an offense, and the court cannot consider the defendant's economic circumstances. See 18 U.S.C. § 3664(f)(1)(A). *Id.*

B.  **The Proper Amount of Restitution in this Case is $216,981.53.**

   1) **The Defendant should be required to pay $90,297.53 in Restitution for her fraudulent credit card charges.**

As put forward in the Probation Officer's original presentence report and her supplemental report, the defendant made $90.297.53 in fraudulent credit card charges. *See* PSR Supplemental Report at ¶6. Under the MVRA, the defendant is required to make restitution on this amount. The United States concurs in the probation officer's recommendation that defendant be required to pay this $90.297.53 amount as part of a

2

1 | restitution order.  *See* PSR Supplemental Report at ¶9.

**2)    The Defendant should also be required to pay an additional $126,684 in Restitution for Investigative Costs resulting from her fraud**

18 U.S.C. § 3663A(b)(4) requires that a criminal defendant "reimburse the victim for ... expenses incurred during participation in the investigation or prosecution of the offense"  The Ninth Circuit in *Gordon* noted that "[t]his Court 'has adopted a *broad* view of the restitution authorization [for investigation costs]....[g]enerally, investigation costs-including attorneys' fees-incurred by private parties as a 'direct and foreseeable result' of the defendant's wrongful conduct 'may be recoverable.'" Id at 1056-1057 (emphasis original); *see also United States v. Amato*, 2008 WL 3876554 at *(2nd Cir. August 21, 2008)(affirming inclusion in restitution award of auditing fees incurred during investigation).

Here, the Probation Officer's supplemental report documents that the defendant's criminal activities resulted in $126,684 in investigative costs arising from the defendant's fraud.  After reviewing the presentence report, the supplemental report, and documents provided to the parties regarding the specifics of the corporate investigation into defendant's fraud, the government agrees with the probation officer's recommendation that the aforementioned investigation costs be included in the restitution amount.  Two relevant factors supporting the inclusion of the investigative fees in the restitution amount are: (1) that fact that, per *Gordon*, authorization for such expenses is to viewed "broadly"; and (2) the fact that these investigation costs appear to be an "direct and foreseeable" result of the defendant's extended pattern of embezzling from her employer.  PSR Supplemental Report at ¶¶6, 9.  Furthermore, based on the information received to date the United States has seen nothing that would lead to the conclusion that the investigative fees are either unreasonable or did not result from the defendant's criminal conduct.

//
//
//

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court order the defendant to pay $216, 981.53 in restitution.[1]

DATED: September 2, 2008                              Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
JOSEPH A. FAZIOLI
Assistant U.S. Attorney

---

[1] The government also concurs with the probation officer's recommendation that $50,000 of the restitution award be directed toward the insurance company who partially reimbursed the victim's company for the defendant's fraud. This insurance payment does not entitle the defendant to any offset in terms of her restitution award. *See* 18 U.S.C. 3664(f)(1)(B)("In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution.")